**XIAO LING ZHU, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General of the United States,[1] Respondent.**

No. 07–2783–ag.

United States Court of Appeals, Second Circuit.

Jan. 8, 2008.

Yan Wang, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Cindy S. Ferrier, Senior Litigation Counsel; Nairi M. Simonian, Trial Attorney, U.S. Department of Justice, Washington, D.C., for Respondent.

Present: JOHN M. WALKER, JR., GUIDO CALABRESI and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, the decision of the BIA is VACATED, and the case REMANDED for further proceedings consistent with this order.

Petitioner Xiao Ling Zhu, a native and citizen of the People's Republic of China, seeks review of a June 6, 2007 order of the BIA affirming the September 21, 2005 decision of Immigration Judge ("IJ") Robert

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as respondent in this case.

D. Weisel denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiao Ling Zhu*, No. A 98 714 039 (B.I.A. June 6, 2007), *aff'g* No. A 98 714 039 (Immig.Ct.N.Y.City, Sept. 21, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in some respects but not others, this Court reviews the IJ's decision as modified by the BIA decision, i.e., minus those arguments for denying relief that were rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). When the BIA "agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we will review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA." *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). Here, the BIA agreed with the IJ's adverse credibility finding, emphasizing that it found "highly implausible" Zhu's testimony that she sent out wedding invitations while she was in hiding. Although the BIA did not mention the IJ's other credibility-related findings, this Court may review them nonetheless, because it is unclear that the BIA rejected them. *See id.* It is clear, however, that the IJ's additional finding that Zhu failed to establish a nexus to a protected ground is beyond this Court's review because the BIA declined to reach it. *See Xue Hong Yang*, 426 F.3d at 522.

This Court reviews the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339–40 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

We conclude that substantial evidence does not support the agency's adverse credibility determination. Zhu testified that the village director's wife informed the authorities that she was an "accomplice" of a Falun Gong practitioner, and that consequently, two police officers delivered to her home a warrant for her arrest. Zhu stated that she happened to be staying at her cousin's home at the time, and that her parents warned her not to return home. She further testified that she and her boyfriend planned to marry in February 2005, and that she "issued" invitations to "relatives and friends" through her parents while she was still in hiding. Based on these circumstances, Zhu correctly asserts that the IJ's implausibility finding was based on speculation. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). While the IJ "parenthetically" noted that "perhaps" the reception would be held at Zhu's place of hiding, Zhu did not testify as to where the reception would be held, nor did anyone question her about such information. Because the IJ failed to point to anything in the record to support his conclusion that it was implausible that

Zhu would plan her wedding and send out invitations to "relatives and friends" while in hiding, that finding does not substantiate the adverse credibility determination. *See Siewe v. Gonzales,* 480 F.3d 160, 169 (2d Cir.2007) (emphasizing that an IJ's credibility findings will be accorded deference as long as any "inferential leap is tethered to the evidentiary record").

Similarly, the IJ's finding that it was implausible that the authorities would want to harm Zhu because she was the girlfriend of a Falun Gong practitioner was flawed. In support of her claim, Zhu submitted the alleged arrest warrant that accused her of "participation in evil cult Falun Gong" as well as being associated with "Falun Gong people," and threatened her with "severe punishment" if she did not report voluntarily to the public security bureau. Because that document corroborated Zhu's claim, the BIA's and IJ's failure to assess it was error. *See Xiao Ji Chen,* 471 F.3d at 341 (explaining that in rejecting an applicant's claim, the IJ should "consider all the evidence in the record that has probative value" (internal quotation marks omitted)).

Moreover, the 2003 State Department report states that there were allegations that hundreds of individuals received criminal, administrative, and extrajudicial punishment for practicing Falun Gong, admitting that they believed in Falun Gong, or simply refusing to denounce the organization. Additionally, the report states that "the mere belief in Falun Gong," without any "public manifestation of its tenets," resulted in punishments ranging from loss of employment to imprisonment. Even practitioners who had not protested or made other public demonstrations of belief were forced to attend anti-Falun Gong classes or were sent directly to reeducation camps where, at times, beatings and torture were used to force them to recant. Thus, while Zhu may not have "encour-

aged or induced her boyfriend to practice Falun Gong," as the IJ noted, the record indicates that the authorities penalized persons they deemed to be Falun Gong supporters, even in the absence of any public manifestation of such beliefs. In light of this evidence, the IJ's finding that it was not "logical" that the authorities would harm Zhu was not tethered to the record. *See Siewe,* 480 F.3d at 169.

The Government asserts that, apart from the IJ's implausibility findings, the IJ also based his adverse credibility determination on the findings that: (1) Zhu's story with respect to her claim that the village director betrothed Zhu to her son sounded "like it came out of a sensationalist magazine"; (2) her claim that she was alleged to be a Falun Gong practitioner was "fancible and fatuous"; and (3) Zhu failed to demonstrate through credible evidence that Chinese officials would be inclined to punish her because she was the girlfriend of a Falun Gong practitioner. Although the IJ described Zhu's story concerning the village director as "something out of the pages of The Inquirer [sic] or People Magazine or Good Housekeeping," he stated only that spreading rumors about pregnancy and being "seduced by someone" was "not a form of persecution." This assertion was not a "specific, cogent reason" for finding that Zhu was not a credible witness. *See Secaida–Rosales,* 331 F.3d at 307. Likewise, the IJ failed to provide a rationale for characterizing Zhu's Falun Gong claim as "fancible and fatuous," other than the flawed findings discussed above. Thus, to the extent that this portion of the IJ's decision may be considered a separate finding, it was also flawed. *See id.*

Given the flaws in the IJ's decision, substantial evidence does not support the agency's denial of relief in this case. Thus, as the Government acknowledges in its brief, remand is required where the

BIA declined to reach the IJ's alternate burden of proof finding because it cannot be confidently predicted that the agency would reach the same decision, absent the errors. *See Xiao Ji Chen,* 471 F.3d at 339–40. In view of the IJ's seemingly cavalier approach to this case, we leave it to the BIA to consider whether remand to a different IJ would be appropriate.

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case REMANDED for further proceedings consistent with this order. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).